STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
COUNTY OF COLLETON )
)
JAECOLBY BROWN ) CIVIL ACTION COVERSHEET
    Plaintiff(s) )
) 2013-CP-15-934
vs. )
)
CITY OF WALTERBORO and CITY OF )
WALTERBORO POLICE DEPARTMENT and )
MICHAEL WILLIAMS, individually and in his )
official capacity )
    Defendant(s) )

RECEIVED CITY MANAGER SEP 27 2013

Submitted By: Eric J. Erickson, Esquire
Erickson Law Firm, LLC
Address: One Beaufort Town Ctr
2015 Boundary St., #309
Beaufort, SC 29902

SC Bar #: 8232
Telephone #: 843.522.9164
Fax #: 888.522.8108
Other:
E-mail: Attorney@ericjericksonlaw.com

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)

*If Action is Judgment/Settlement do not complete*

☒ JURY TRIAL demanded in complaint.   ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | 20___-CP-___-___ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☒ Other (399) False Arrest | ☐ Other (499) |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| Special/Complex /Other | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Other (799) | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| | ☐ Sexual Predator (510) | | |

PATRICIA C. GRANT COLLETON COUNTY COMMON PLEAS SEP 19 AM 11:36

Submitting Party Signature: _[signature]_                    Date: September 17, 2013

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous

SCCA / 234 (06/2013)                                          Page 1 of 3

## FOR MANDATED ADR COUNTIES ONLY

Aiken, Allendale, Anderson, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Cherokee, Clarendon, Colleton, Darlington, Dorchester, Florence, Georgetown, Greenville, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Oconee, Orangeburg, Pickens, Richland, Spartanburg, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

You are required to take the following action(s):

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

   b. Requests for temporary relief;

   c. Appeals

   d. Post Conviction relief matters;

   e. Contempt of Court proceedings;

   f. Forfeiture proceedings brought by governmental entities;

   g. Mortgage foreclosures; and

   h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** You must comply with the Supreme Court Rules regarding ADR. Failure to do so may affect your case or may result in sanctions.

*RECEIVED SEP 27 2013 CITY MANAGER*

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOURTEENTH JUDICIAL CIRCUIT |
| COUNTY OF COLLETON ) | CIVIL ACTION NO.: 2013-CP-0 |
| ) | |
| JAECOLBY BROWN ) | 13-CP-15-934 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | SUMMONS |
| ) | (Jury Trial) |
| CITY OF WALTERBORO and ) | |
| CITY OF WALTERBORO POLICE ) | |
| DEPARTMENT and MICHAEL ) | |
| WILLIAMS, individually and in his ) | |
| official capacity. ) | |
| ) | |
| Defendants. ) | |

TO THE DEFENDANTS NAMED ABOVE:

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein filed in this matter, a copy of which is herewith served upon you and to serve a copy of your answer to this Complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service and if you fail to answer the Complaint, a judgment by default will be rendered against you for the relief demanded in this Complaint.

ERICKSON LAW FIRM, LLC

By: _____
Eric J. Erickson, Esquire
One Beaufort Town Center
2015 Boundary Street, Suite 309
Beaufort, SC 29902
O: 843.522.9164
Attorney@ericjericksonlaw.com
ATTORNEY FOR PLAINTIFF

September 17, 2013
Beaufort, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOURTEENTH JUDICIAL CIRCUIT |
| COUNTY OF COLLETON ) | CIVIL ACTION NO.: 2013-CP-0_____ |
| ) | |
| JAECOLBY BROWN ) | 13-CP-15-934 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | COMPLAINT |
| ) | (Jury Trial) |
| CITY OF WALTERBORO and ) | |
| CITY OF WALTERBORO POLICE ) | |
| DEPARTMENT and MICHAEL ) | |
| WILLIAMS, individually and in ) | |
| His official capacity. ) | |
| ) | |
| Defendants. ) | |
| _____) | |

The Plaintiff, Jaecolby Brown, complaining of the Defendants herein, would respectfully show unto this Honorable Court the following:

1. Plaintiff, Jaecolby Brown, (hereinafter referred to as "Brown") is a resident of Colleton County, South Carolina and is a citizen of the United States.

2. Defendant, Michael Williams, ("hereinafter Williams") is and was employed with the City of Walterboro and the City of Walterboro Police Department as a law enforcement officer at the time of the events complained of.

3. At all times described, Defendant Williams was acting within the course and scope of his employment with the City of Walterboro and the City of Walterboro Police Department and under color of law.

4. Defendant, City of Walterboro, (hereinafter "City") is a political subdivision, municipality, or a governmental entity within the State of South Carolina.

5. Defendant, City of Walterboro Police Department (hereinafter "Police") is a law Enforcement agency controlled and operated by the City of Walterboro

6. The events complained of herein occurred in Colleton County, South Carolina.

7. This Court has jurisdiction over the parties hereto and the subject matter herein, and the venue is appropriate in the Colleton County Court of Common Pleas.

8. That the Defendants herein are liable to the Plaintiff for their tortious and unlawful conduct pursuant to the South Carolina Tort Claims Act found under S.C. Code Annotated Section 15-78-10 et seq., as well as the Constitution and the law of the United States of America, specifically the Fourth Amendment, the Fourteenth Amendment, and 42 U.S.C. Section 1983.

## FOR A FIRST CAUSE OF ACTION
### (Negligence and Gross Negligence of Michael Williams)

9. Plaintiff realleges and incorporates the contents of the proceeding paragraphs as if set forth herein verbatim.

10. On or about December 21, 2011 Brown was in a motor vehicle accident.

11. Brown was given two (2) tickets for Driving Under Suspension (DUS) and Driving Too Fast For Conditions (Too Fast) and given a "courtesy summons" to show up in Court.

12. Brown was given a Walterboro City Court date of sometime in January where she indeed showed-up for Court, but the Officer failed to show.

13. The Walterboro City Court Judge "nolle prossed" and dismissed the tickets.

14. Nevertheless, the City of Walterboro issued a second Court date for Brown even

though the two (2) tickets were dismissed and *nolle prossed* at the first Court date. [See **Plaintiff Exhibit A** "Judge Dismissed 2/2/12- Should not have been Continued"]

15. Thereafter, Walterboro City Judge R. Ray Woodward convicted Brown in her absence and gave her 30 day jail sentences or pay fines on each charge plus issued two (2) Bench Warrants for Brown's arrest that were executed by Defendants on April 27, 2012.

16. On or about May 16, 2013 Brown was sitting in the courtroom in the City Hall in Colleton County when a man in uniform, Officer Williams, came up to her and asked her name?

17. Brown said her name was "Jaecolby Brown."

18. Williams asked her" if she had two (2) warrants?"

19. Brown replied: "No, they were cleared."

20. Williams then arrested and handcuffed Brown and put inside a police car.

21. Williams then drove Brown to the Colleton County Detention Center where she was searched, fingerprinted and had a mugshot taken that was published by 3rd parties.

22. Williams then served the Bench Warrants # BW88461FY and BW88462FY on Brown at the jail. [See **Plaintiff Exhibit B- 2 pages**-Bench Warrants and Officers Return]

23. Brown spent one (1) night incarcerated at the Colleton County Detention Center.

24. The next morning on May 17th 2013 she was released from jail because the two (2) tickets/warrants were nolle prossed.

[See **Plaintiff Exhibit C- Order of Release-** "Should have been nolle prossed."]

25. As a citizen, Brown is owed certain duties of care at law by the Defendants.

26. Upon the aforementioned dates, Defendant Williams breached the duties of care owed to brown by his careless, negligent, grossly negligent and intentional acts, causing Brown to suffer physical bodily harm and suffering, mental pain and suffering, and other damages, in one or more of the following particulars:

   a. Failing to refrain from unlawful arrests.

   b. Failing to check the records and verify the accuracy after notice.

   c. Failing to use a reasonable amount of care in checking the records after notice.

   d. Failing to use at least slight care in checking the records after notice.

   e. Failing to refrain from causing bodily force upon another to arrest her unlawfully.

   f. Failing to re-call Bench Warrants after case was nolle prossed.

   g. Failing to exercise the degree of care that a reasonable and prudent law enforcement officer would have exercised under similar circumstances.

   h. Failure of the law enforcement officer to check with the Court or his Department, or Supervisor or the City, after being told and put on notice by Brown that she was all clear, prior to the arrest.

   i. In such other and further particulars to be demonstrated at the trial of this case.

27. As a direct and proximate result of the negligent and grossly negligent acts of Defendant Williams, Brown has suffered injuries and other damages, including some or all of the following:

   a. Physical injury

b. Mental anguish

c. Psychological trauma

d. Emotional trauma

e. Anxiety

f. Depression

g. Pain, past present, future

h. Suffering, past present, future

i. Out of pocket expenses

j. Loss of enjoyment of life

k. Shame and embarrassment

l. Shock

m. Loss of liberty

n. Lost Wages

o. Such other damages as will be shown by the evidence produced at trial.

28. Plaintiff is entitled to judgment against Defendants for an award of actual damages, punitive damages, for costs of this action, for pre-judgment interest on her special damages, and for post-judgment interest, and for such other and further relief as this Court may deem just and appropriate.

## FOR A SECOND CAUSE OF ACTION
### (Negligence and Gross Negligence of the City of Walterboro and City of Walterboro Police Department)

29. Plaintiff realleges and incorporates the contents of the preceding paragraphs as if set forth herein verbatim.

30. The above described incident was also proximately caused by the negligent and grossly negligent acts of Defendants, City of Walterboro and the City of Walterboro Police Department, in their improper and inadequate training, supervision, oversight, of Defendant Williams with regard to proper law enforcement techniques.

31. Further, Defendants City of Walterboro and the City of Walterboro Police Department are liable for the wrongful, tortious conduct of its employees which cause harm to citizens during the course and scope of employment, pursuant to *respondeat superior.*

32. At all times herein, Williams was employed by the City of Walterboro and/or the City of Walterboro Police Department as a law enforcement officer, and all acts complained of occurred during the course and scope of such employment and under color of law.

33. Defendants City of Walterboro and the City of Walterboro Police Department owe certain duties to the Plaintiff and the public at large.

34. These duties include, but are not limited to, duties to properly investigate, hire, train, retain, and supervise all law enforcement officers in concert with proper law enforcement techniques.

35. These duties further include assurance that Department policies regarding use of force are followed by law enforcement officers so as to not expose criminal suspects to unnecessary harm.

36. The Defendants herein breached their duties of car owed to Brown by carelessly and deliberately causing injury to her by restraining her against her will and arresting her and incarcerating her in the detention center.

37. As a direct and proximate result of the careless, negligent, grossly negligent, willful and wanton acts of all of the Defendants herein, Plaintiff has suffered injuries and other damages as previously outlined above.

38. Plaintiff is entitled to judgment against all of the Defendants herein for actual damages, punitive damages, for the costs of this action, for pre-judgment interest on her special damages, and for post-judgment interest, and for such other and further relief as this Court may deem just and appropriate.

## FOR A THIRD CAUSE OF ACTION
### (Battery as to Defendant Williams)

39. Plaintiff realleges and incorporates the contents of the proceeding paragraphs as if set forth verbatim.

40. Plaintiff would show that Williams breached a duty owed to her by negligently or gross negligently and/or intentionally inflicting unlawful, unauthorized violence and forcible contact against her person.

41. Williams battery against Plaintiff was committed during the course and scope of his employment with the City of Walterboro Police Department and the City of Walterboro and under color of law.

42. As a direct and proximate result of the battery committed by Williams against Plaintiff's person, Plaintiff suffered injuries and other damages as previously outlined herein.

43. Plaintiff is entitled to judgment against all Defendants herein for an award of actual

damages, for punitive damages, for the costs of this action, for pre-judgment interest on her special damages, and for post-judgment interest and for such other and further relief as this Court may deem just and appropriate.

### FOR A FOURTH CAUSE OF ACTION
### (Violation of Plaintiff's Civil Rights 42 U.S.C. Section 1983 Against Defendant Williams)

44. Plaintiff realleges and incorporates the contents of the preceding paragraphs as if set forth verbatim.

45. Plaintiff further alleges that Williams is liable to Plaintiff pursuant to 42 U.S.C. Section 1983 for depriving Plaintiff of rights and privileges guaranteed to Plaintiff under the Constitution and laws of the United States.

46. Defendant Williams committed acts under color of law which deprived Plaintiff of rights and privileges guaranteed to all citizens under the Constitution and laws of the United States.

47. Defendant Williams was at all times acting during the course and scope of his employment as a law enforcement officer with the City of Walterboro and the City of Walterboro Police Department, and Williams is being sued individually pursuant to 42 U.S.C. Section 1983.

48. By negligently, gross negligently and /or intentionally violated the Plaintiff's civil rights granted to her under the Constitution and laws of the United States in the following particulars:

   a. By arresting the Plaintiff without legal cause in violation of the Fourth and Fourteenth Amendments of the United States.

    b. By arresting Plaintiff unlawfully inside the City Hall after she told Williams that everything was all clear.

    c. By causing Plaintiff to be incarcerated unlawfully.

    d. By subjecting Plaintiff to an unreasonable seizure as provided by the Fourth and Fourteenth Amendments to the United States and Equal Protection of the laws and Due Process of the law.

49. As a direct and proximate result of the unlawful conduct of Williams, Plaintiff has suffered injuries and other damages as previously outlined herein.

50. Plaintiff is entitled to judgment against Williams for the actual damages resulting from the violation of her civil rights and the deprivation of her Constitutional liberties. Further, Plaintiff is entitled to recover against Williams her attorney's fees and all costs arising from this incident pursuant to 42 U.S.C. Section 1983.

WHEREFOR, Plaintiff prays for judgment against the Defendants Williams, City of Walterboro and the City of Walterboro Police Department, for actual damages, for punitive damages and for the costs of this action, for pre-judgment interest on any special damages, and for post-judgment interest, for attorney's fees and costs and for such other and further relief as this Court may deem just and appropriate.

ERICKSON LAW FIRM, LLC

By: _____

Eric J. Erickson, Esquire
One Beaufort Town Center
2015 Boundary Street, Suite 309
Beaufort, SC  29902
843.522.9164
Attorney@ericjericksonlaw.com
ATTORNEY FOR PLAINTIFF

September 17, 2013
Beaufort, South Carolina